ON MOTION
PER CURIAM.

ORDER

Mark A. Hartley responds to the court’s order directing him to show cause why his appeal should not be dismissed as untimely. The Secretary of Veterans Affairs responds.
The certified list of docket entries of the United States Court of Appeals for Veterans Claims reflects that the judgment affirming the decision of the Board of Veterans’ Appeals was entered on April 23, 2008. The list further reflects that Hart-ley filed his notice of appeal on June 27, 2008, more than 60 days later. See 38 U.S.C. § 7292(a); Fed. RApp. P. 4(a)(1).
Hartley states that he believed that he had 60 business days, rather than calendar days, in which to file his notice of appeal. The Secretary contends that, pursuant to Fed. RApp. P. 26(a), in computing time periods weekends and holidays are excluded only when the period of time is less than 11 days. The court agrees with the Secretary that, to be timely, Hartley’s notice of appeal was required to be filed within 60 calendar days after entry of judgment.
The time limit for filing a notice of appeal is jurisdictional. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (“It is well settled that the requirement of a timely notice of appeal is ‘mandatory and jurisdictional.’ ” (citation omitted)). Thus, Hartley’s failure to file timely a notice of appeal may not be waived. See Oja v. Army, 405 F.3d 1349, 1358 (Fed.Cir.2005) (time provisions of Fed. RApp. P. 4(a) are not subject to equitable tolling). Because Hartley’s appeal was filed on June 27, *630 2008, 65 days after entry of judgment, it is untimely and must be dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) The appeal is dismissed.
(2) Each side shall bear its own costs.